**Michael Levine, Esq.**
**LEVINE & ASSOCIATES, P.C.**
15 Barclay Road
Scarsdale, NY 10583
Telephone (914) 600-45288
*Litigation Attorneys for Mosdos Chofetz Chaim, Inc.,*
*Restructured Debtor*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

In re:                                                    Case No. 12-23616 (rdd)

MOSDOS CHOFETZ CHAIM, INC.,                               Chapter 11

                                        Debtor.           Post-Confirmation
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 157, 1334, 1441, 1446 and 1452 and Rule 9027 of the Federal

Rules of Bankruptcy Procedure, Debtor Mosdos Chofetz Chaim, Inc. ("Mosdos"), by and through

its attorneys, Levine & Associates, P.C., hereby gives notice of the removal to the United States

District Court for the Southern District of New York, and referral to the United States Bankruptcy

Court for the Southern District of New York (the "Bankruptcy Court") of all claims and causes of

action asserted in an action pending in the Supreme Court of the State of New York, County of

Rockland, under Index No. 036069/2019, entitled *Mosdos Chofetz Chaim Inc., Rabbi Mayer Zaks,*

*derivatively on behalf of Mosdos Chofetz Chaim Inc., Sima Weintraub, derivatively on behalf of*

*Mosdos Chofetz Chaim Inc., Daniel Rosenblum, derivatively on behalf of Mosdos Chofetz Chaim*

*Inc., Joseph Grunwald, derivatively on behalf of Mosdos Chofetz Chaim Inc., and Yisroel Hocman,*

*derivatively on behalf of Mosdos Chofetz Chaim Inc., Plaintiffs, against Mosdos Chofetz Chaim*

*Inc., Chofetz Chaim Inc., TBG Radin LLC, Shem Olam, LLC, Congregation Radin Development*

*Inc., Aryeh Zaks, Beatrice Waldman Zaks, Henoch Zaks, Mendel Zaks, Gittel Zaks Layosh, Samuel Markowitz and Sterling National Bank, Defendants.*

In support of its Notice of Removal, Mosdos respectfully sets forth as follows:

### SYNOPSIS

The Bankruptcy Court approved a Second Amended Plan of Reorganization (the "Plan") for Mosdos Chofetz Chaim Inc. ("Mosdos") on October 2, 2019, which Plan provided, *inter alia*, for the sale of real property owned by Mosdos in order to pay a secured and approved mortgage lien of $23,700,000.  Pursuant to the Plan (and other orders issued by the Bankruptcy Court), real property owned by Mosdos was sold in September of 2019.  Since that time, Rabbi Mayer Zaks ("Mayer," one of two Rabbis of Mosdos) has been attempting, by any means possible, to undo the Bankruptcy Court's many orders.

Ultimately, the parties appeared before the Bankruptcy Court on December 17, 2019.  The Court implored the parties to engage in settlement discussions to resolve their disputes.  While both parties expressed a willingness to do so (and Mayer requested that the status quo be maintained), Mayer's subsequent actions were directly contrary to that and, in fact, were intended to change, rather than preserve, the status quo.  First, on December 20, 2019 – three days after the appearance before the Court – Mayer caused subpoenas to be served on First Nationwide Title Agency and Sterling National Bank seeking extensive materials regarding transactions approved by the Plan.

On January 1, 2020, a mere two weeks after the December 17, 2019 hearing, and before any mediation took place, Mayer sought to arrange an "emergency hearing" before a Rabbi to attempt to undo the Bankruptcy Court's Orders.  When that was not successful, on January 15, 2020 Mayer filed an amended complaint in a State Court Action and sought to set aside the transfer by Mosdos of Property that the Bankruptcy Court's prior Confirmation Order specifically authorized Mosdos

2

to do, and to set aside a mortgage that the Bankruptcy Court had already approved and fixed the amount of.  Then, Mayer once again went to a Rabbi to adjudicate claims that the Bankruptcy Court has already ruled on, and that Rabbi has now scheduled a purported "arbitration" for February 11, 2020 "to adjudicate open issues."

At this point, it appears that Mayer absolutely will not negotiate in good faith and will not comply with the prior Orders of the Bankruptcy Court.  The issues he seeks to "litigate" in his State Court Action go to the heart of the prior bankruptcy Court Orders and seek to undo them.  As such, removal of the State Court Action is now necessary so that the Bankruptcy Court can ensure that its determinations are enforced and to determine any ancillary issues with respect to the same.  For that reason, this Notice of Removal of the State Court Action is filed.

## BACKGROUND

### I.     The Property Acquisition

1.  In 1997, Yeshiva Chofetz Chaim Kiryas Radin, Inc. purchased the real property located at 1-60 Kiryas Radin Drive, New Hempstead, New York, more commonly referred to as 50 Grandview Avenue (the "Property"), from the United States.  Thereafter, Yeshiva Chofetz Chaim Kiryas Radin, Inc. obtained a loan of $1 million from Pawling Savings Bank and mortgaged the Property to that entity to secure that loan (the "Pawling Mortgage").  The mortgage was executed on behalf of Yeshiva Chofetz Chaim Kiryas Radin, Inc. by Rabbi Mayer Zaks, as its President.

2.  Thereafter, in 2003, Yeshiva Chofetz Chaim Kiryas Radin, Inc., filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York under Case No. 03-16729 (RDD).

3.  While the Bankruptcy action was proceeding, and shortly before the adoption of a plan of reorganization for Yeshiva Chofetz Chaim Kiryas Radin, Inc., on November 17, 2005 the

Pawling Mortgage (which had been modified and acquired by Manufacturers & Traders Trust Company) was assigned to Yeshiva Chofetz Chaim, Inc. for $1,000,000.00.

4.   Six days later, on November 23, 2005, Yeshiva Chofetz Chaim Kiryas Radin, Inc. submitted a plan for reorganization and, on December 13, 2005, the U.S. Bankruptcy Court (Judge Drain) issued an order approving the reorganization.

5.   Upon the approval of the reorganization Plan by the Bankruptcy Court, Yeshiva Chofetz Chaim Kiryas Radin, Inc. conveyed the Property to Yeshiva Chofetz Chaim, Inc. ("YCC") for $4,000,000.00.   The next day, YCC issued a satisfaction of the Pawling Mortgage to Yeshiva Chofetz Chaim Kiryas Radin, Inc and YCC transferred the Premises for $4,000,000.00 to Mosdos. In lieu of the payment of the purchase price, YCC took back a promissory note for the same from Mosdos.

6.   On or about December 20, 2005, Mosdos took out as loan from Citizen's Bank in the amount of $12.8 million for the purpose of improving the Property (which it had just acquired) and pledged the Property as collateral for the repayment of the same, which mortgage was recorded on December 27, 2005.   Some years later, in February of 2007, Mosdos took out another loan in the amount of $203,000 from CC of R LLC ("CC of R"), a New Jersey limited liability company, and granted to that entity a mortgage to the Property (which was recorded on March 7, 2008.   The entire principal balance of the same, together with accrued interest, was due on September 1, 2008.

7.   On April 18, 2011, Avon Group Limited Liability Company ("Avon"), a New Jersey limited liability company, purchased the First Mortgage from Citizen's Bank (the "Avon Mortgage").   It also acquired three mechanics liens aggregating $94,402.96.

8.  On February 15, 2012, Avon and CC of R commenced an action in the Supreme Court of the State of New York, Rockland County, under Index No. 030844/2012, seeking to Foreclose on the Avon mortgage (which was then in the amount of $12,767,243, plus interest from September 20, 2007), the CC of R mortgage and the mechanics liens, and for ancillary relief.

9.  On September 6, 2012, Mosdos filed a Chapter 11 Bankruptcy Petition (the "Mosdos Bankruptcy").  On or about June 6, 2013, Avon filed in the Mosdos Bankruptcy (i) a proof of Avon's $16,983,577.00 secured claim based on the Avon Mortgage; and (ii) a proof of Avon's $134,163.50 secured claim based on mechanics liens that it had acquired.  On or about June 6, 2013, CC of R filed in the Mosdos Bankruptcy a proof of CC of R's $320,891.00 secured claim based on the CC of R Mortgage.

10.  On June 10, 2014, Yeshiva Chofetz Chaim, Inc. filed an action in the District Court against Mosdos, captioned *Yeshiva Chofetz Chaim, Inc. v. Mosdos Chofetz Chaim, Inc.*, Docket No. 14 Civ. 4149, seeking to invalidate the 2005 transfer of the Property to Mosdos for lack of prior Court approval under New York Religious Corporation law § 12(1), and for failure to tender the stated consideration of the $4,000,000 purchase price.

11.  Following those protracted litigations, Mosdos negotiated a settlement with Avon and CC of R (as well as the other parties with whom it was embroiled in litigation) dated January 27, 2017 (the "Avon Settlement Agreement").  The same provided, *inter alia*, that the amount owing to Avon and CC of R "exceeds $20 million," that Avon would receive payments totaling $7,290,000 and would (upon receipt of the said sum) assign the Avon Mortgage, the CC of R mortgage and the mechanics liens to an entity to be designated.

12. The Avon Settlement Agreement was signed by both Rabbi Mayer Zaks and Rabbi Aryeh Zaks on behalf of Mosdos, as were releases from Mosdos, Rabbi Mayer Zaks personally, and Rabbi Aryeh Zaks personally to, among others, Avon.[1]

13. On May 19, 2017, Mosdos, Yeshiva Chofetz Chaim, Inc. ("YCC") and TBG Radin LLC entered into a Stipulation (So Ordered by the Bankruptcy Court on June 21, 2017, DE-227), which provided, *inter alia*, that (i) the Assignee under the Avon Settlement Agreement was TBG Radin LLC ("TBG"), (ii) "TBG is a third party not affiliated with and unrelated to YCC, Mosdos or either Rabbi Mayer Zaks or Rabbi Aryeh Zaks," (iii) TGB "shall have a valid first mortgage lien on the Property in the agreed aggregate amount of the Indebtedness, which as of June 6, 2017 is $22,173784.04," and (iv) Mosdos and YCC, as signatories to this Stipulation, shall be deemed to have accepted and ratified the validity and amount of such documents and claims, including the Note, the Mortgage, the Avon Liens, the Avon Claim, the CC of R Note, the CC of R Mortgage, the CC of R Claim, and the Indebtedness" (the "TBG Assignment Stipulation and Order").

14. The TBG Assignment Stipulation and Order was signed by Rabbi Mayer Zaks on behalf of Mosdos and by Rabbi Aryeh Zaks on behalf of YCC.

15. On December 7, 2017, Mosdos moved the Bankruptcy Court for an Order approving an amendment to the Avon Settlement Agreement and First Approval Order [DE-233]. On December 15, 2017, the Bankruptcy Court entered a Supplemental Order approving the amendment (the "Supplemental Approval Order") [DE-236]. The Supplemental Approval Order provided, *inter alia*, that (i) "upon assignment of the Avon Mortgage to TBG Radin LLC (the 'Assignee'),

---

[1] The U.S. District Court (Hon. Kenneth M. Karas) approved the settlement agreement on July 7, 2017 (Docket No. 14 cv 4149, DE-119), the Bankruptcy Court (Hon. Robert D. Drain) approved it on June 21, 2017 (Case No. 12-23616, DE-226) (the "First Approval Order"), and the State Court (Hon. Paul I. Marx) approved it on March 19, 2018 (to the extent of permitting a discontinuance of the State Court Action based upon the Settlement Agreement).

Mosdos and YCC, as signatories to the Stipulation, shall be deemed to consent to approval of the Avon Mortgage, *nunc pro tunc* as of December 20, 2005, and the Avon Mortgage shall be deemed valid in accordance with applicable law, including the provisions of the RCL [New York Religious Corporations Law];" and (ii) "upon assignment of the CC of R Mortgage to the Assignee, Mosdos and YCC, as signatories to the Stipulation, shall be deemed to consent to approval of the CC of R Mortgage, *nunc pro tunc* as of February 28, 2008, and the CC of R Mortgage shall be deemed valid in accordance with applicable law, including the provisions of the RCL."

16.   On July 17, 2019, Mosdos filed a Plan of Reorganization [DE-267]; on August 9, 2019, Mosdos filed an Amended Plan of Reorganization [DE-277]; and on August 16, 2019, Mosdos filed a Second Amended Plan of Reorganization [DE-283].  The Second Amended Plan provided, at §4.3 that:

> [I]n full satisfaction and settlement of the TBG Radin Secured Claim, the Holder of the TBG Radin Secured Claim shall continue to receive payments pursuant to (i) the Note and the Amended and Restated Mortgage by and between Mosdos and TBG Radin LLC as provided for in the June 21 Stipulation, or (ii) such other treatment as may otherwise be agreed to in writing by the Debtor and the Holder of the TBG Radin Secured Claim.  Provided that, in the event the Debtor believes it is unable to make payments to the Holder of the TBG Radin Secured Claim, the Debtor shall be authorized to sell the Property, subject to section 363(d)(1) of the Bankruptcy Code, including New York Attorney General approval under New York Religious Corporations Law, to a qualified religious corporation or not for profit corporation under New York Religious Corporations Law or New York Not for Profit Law, in full and final satisfaction, release and discharge of the Allowed TBG Radin Secured Claim, which is currently $24,755,000. In the event that the Property is sold, the Holder of the TBG Radin Secured Claim shall receive payment on account of the Allowed TBG Radin Secured Claim sufficient to pay the TBG Radin Secured Claim in full or such other amount as agreed to in writing by the Debtor and the Holder of the TBG Radin Secured Claim.

17.   The Second Amended Plan further provided that the $24,755,000 debt to TBG [the "TBG Claim"] would be extinguished via monthly payments of $128,000 for ten years, with a balloon payment in 2028.  It further provided that, if Mosdos believed it was unable to make those

payments, it could "sell the Property to a qualified religious corporation or not-for-profit corporation." Specifically, the Second Amended Plan provided (emphasis added):

> **Implementation**. The Plan shall be implemented by (i) the funding of approximately $900,000.00 to pay all Allowed Claims (other than TBG Radin Secured Claim) and (ii) monthly payments under the Note (in the amount of $125,857) to pay the TBG Radin Secured Claim each month for ten years (with a balloon payment in 2028), *or if the Debtor believes it is unable to make payments to the Holder of the TBG Radin Secured Claim, the sale of the Property to a qualified religious corporation or not-for-profit corporation to pay the TBG Radin Secured Claim. Any such sale shall be subject to any necessary approval under section 363(d)(1) of the Bankruptcy Code, including any such approval by the New York Attorney General under New York Religious Corporations Law.* The Debtor shall take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan, including obtaining any such approval. The Confirmation Order shall contain appropriate provisions, consistent with Section 1142 of the Bankruptcy Code, directing the Debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property required by the Plan (if necessary) or subsequent court order and to perform any act that is necessary for the consummation of the Plan.

18.  On October 2, 2019, the Bankruptcy Court approved the Debtor's Second Amended Plan of Reorganization (the "Approved Plan") and signed a confirmation order (the "Confirmation Order," DE-308).  As part of the Confirmation Order, among other things, the Bankruptcy Court ordered that Mosdos was "authorized to sell the Property pursuant to and under the Plan ... in full and final satisfaction, release and discharge of the [TBG Claim], which is currently $24,755,000".

Specifically, the Confirmation Order provided, at ¶ 22 on page 5:

> The Plan provides for its implementation through (i) the funding of approximately $900,000.00 to pay all Allowed Claims (other than TBG Radin Secured Claim) and (ii) monthly payments under the Note (in the amount of $125,857) to pay the TBG Radin Secured Claim each month for ten years (with a balloon payment in 2028), or if the Debtor believes it is unable to make payments to the Holder of the TBG Radin Secured Claim, the sale of the Property to a qualified religious corporation or not-for-profit corporation to pay the TBG Radin Secured Claim. Any such sale shall be subject to any necessary approval under section 363(d)(1) of the Bankruptcy Code, including any such approval by the New York Attorney General under New York Religious Corporations Law.

8

19.  Paragraph 22 of the Confirmation Order and fourth ordering paragraph on page 10 of the Confirmation Order authorized the sale of the Debtor's property.  The latter paragraph provided as follows:

> ORDERED, that the Debtor/Reorganized Debtor, a religious corporation, is hereby authorized to sell the Property pursuant to the Plan to any qualified religious corporation or not for profit corporation formed under New York Religious Corporations Law or New York Not for Profit Law, pursuant to section 363(d)(1) of the Bankruptcy Code, and pursuant to the requirements of New York State Religious Corporations Law in Article 2, Section 12 of the Religious Corporations Law, in full and final satisfaction, release and discharge of the Allowed TBG Radin Secured Claim, which is currently $24,755,000. In the event that the Property is sold, the holder of the TBG Radin Secured Claim shall receive payment on account of the Allowed TBG Radin Secured Claim sufficient to pay the TBG Radin Secured Claim in full or such other amount as agreed to in writing by the Debtor and the Holder of the TBG Radin Secured Claim …

20.  Following confirmation of the Plan, TBG assigned the TBG Claim to Shem Olam, LLC ("Shem Olam"), whose sole member is Chofetz Chaim Inc.  That assignment (the "TBG Assignment") was recorded in the Office of the Rockland County Clerk on October 11, 2019.  Shem Olam, as a result, became the holder of the TBG Claim.

21.  On October 25, 2019, Mosdos, pursuant to the above-cited provisions of the Confirmed Plan and the Confirmation Order,[2] sold the Property to Congregation Radin Development Inc.

---

[2]  Pursuant to § 12 of the New York Religious Corporations Law, in order to sell or mortgage property, or lease property for a term exceeding five years, a religious corporation is required to obtain leave of Court or the Attorney General.  RCL 12(1).  As the Debtor has been in this Bankruptcy Court for several years, this Court, rather than the state court, had the authority over the disposition of the Debtor's assets and had the power to authorize the sale of the property.  *See In re HHH Choices Health Plan, LLC,* 54 B.R. 697, 700-701 (Bankr. S.D.N.Y. 2016).  The Confirmed Plan specifically provided that there could be such a sale. The Debtor served two Assistant Attorney Generals with the Confirmed Plan and disclosure statement and provided over a months' notice and no objections by either Office of the Attorney General were filed.

("Radin Development") for a purchase price of $25,700,000.   From that purchase price, $23,700,000 was paid to Shem Olam to discharge the TBG Claim.[3]

22.   Some $15,000,000 of the purchase price was financed through a loan from Sterling National Bank, which was granted a mortgage in that amount on the Property.

## II.   The State Court Actions

23.   On November 8, 2019, a few days after Mosdos sold the Property to Radin Development and paid off the TBG debt, Rabbi Mayer Zaks ("Mayer") commenced an Action by filing a summons and complaint (the "Complaint"), purportedly in the name of Mosdos, against Mosdos, TBG and Shem Olam in the New York Supreme Court, Rockland County, under Index No. 03069/2019 (the "State Court Action").   Although the pleadings are difficult to decipher, it appears that Mayer attempted to assert a claim to "undo" the assignment of the TBG Mortgage from TBG to Shem Olam.   The sole "basis" asserted by Mayer for that relief was the allegation that "on

---

[3]   The $25,700,000 purchase price was clearly the fair market value of the Property, and no one has contested that issue.   Although not relevant to the instant Removal Notice, Shem Olam (through its parent company, Chofetz Chaim Inc.) used the proceeds it received ($23,700,000) for three categories of expenses.   First, it loaned Radin Development the approximate sum of $11.1 million ($10,900,510.00 for the balance of the purchase price of the Property, plus about $160,000 in ancillary costs paid by Radin Development).   Secondly, it loaned $8,623,911.50 to Yeshiva Chofetz Chaim Inc. by way of payment for prior Mosdos and Yeshiva debts that Yeshiva Chofetz Chaim Inc. had paid.   Third, the remaining sum of $3,976,088.50 million was put into bank accounts of Chofetz Chaim Inc. for ongoing expenses of operating.   Among the expenditures that are being made from that fund are rental payments of $17,000 per month to Radin Development for use of the main building for classes and learning, and $63,750 per month in rental payments for student and resident housing.   Those rental payments are made so as to ease the burden of students and residents.   Both Rabbi Mayer Zaks and Rabbi Aryeh Zaks are beneficiaries of that subsidy, as each has an apartment on the campus, the rent for which is being paid by Chofetz Chaim Inc.

information and belief that Assignment of Mortgage herein noted was effected without the authorization or knowledge of the Plaintiff, the religious corporation Mosdos Chofetz Chaim, Inc."[4]

24.  On November 25, 2019, the Court in the State Court Action issued an order to Show Cause directing Mayer to show cause why, *inter alia*, (i) a litigation injunction should not be issued permanently enjoining Mayer from taking any actions with respect to the Property without Court approval, and (ii) dismissing the Complaint.[5]  That Order to Show Cause was made returnable on February 7, 2020.

25.  Less than one month later, on December 5, 2019 (and while the motion to dismiss as pending in the State Court Action), Mayer filed an "emergency" motion in the Bankruptcy Court (the "Emergency Motion") seeking, among other things extraordinary and unprecedented relief against Henoch Zaks ("Henoch"), who is not (and at no time was) a trustee or officer of, or party in control of, Mosdos – a freezing of his bank accounts – despite the fact that Henoch was not a party to the bankruptcy case.

26.  In addition, as part of the Emergency Motion, Mayer sought an order from the Bankruptcy Court preventing Aryeh Zaks ("Aryeh") from seeking a litigation injunction in the State Court Action because, among other reasons, "this Court has exclusive jurisdiction to interpret and enforce the Confirmation Order …".

---

[4]  Mayer (whether individually or on purported behalf of Mosdos) clearly does not have any standing to challenge a mortgage assignment from TBG to Shem Olam, nor is there any requirement that a property owner "authorize" the assignment of a mortgage.

[5]  In its Memo of Law supporting that relief, Shem Olam correctly asserted that "Plaintiff lacks standing to dispute the Shem Olam Assignment. Here, Plaintiff has already acknowledged the validity of the Loan and the prior TBG Assignments under the Stipulations and Plan approved by the Bankruptcy Court. As result of this acknowledgment, there is no basis for Plaintiff to suddenly claim that TBG cannot assign the Mortgage to Defendant by the Shem Olam Assignment."

27.   At a December 17, 2019 hearing on the Emergency Motion, the Bankruptcy Court denied the "emergency" relief sought by Mayer and implored the parties to engage in settlement discussions to resolve their disputes.  Aryeh stated that he was fully prepared to do so, as did Mayer.

28.   But, despite Mayer's claimed interest in mediating a resolution to this dispute, on January 1, 2020, a mere two weeks after the December 17, 2019 hearing, and before any mediation took place, Mayer sought another "emergency hearing," this time in front of Rabbi Bergman, who Mayer claimed was an arbitrator who, pursuant to a purported "arbitration agreement," would adjudicate disputes between Mayer and Aryeh concerning their partnership in Yeshiva Chofetz Chaim.

29.   The next day, on January 2, 2020, Rabbi Bergman scheduled the requested "emergency hearing" to be held on January 9, 2020, in violation of the procedural requirements in the purported arbitration Agreement, which required that any hearing be scheduled on at least two weeks' notice.

30.   On January 8, 2020, counsel for Henoch and Shem Olam sent a letter to Rabbi Bergman setting forth in detail the reasons why they could not proceed with the "emergency hearing" requested by Mayer.  That same day, Rabbi Bergman responded to the letter and stated that he was proceeding with the January 9, 2020 Arbitration hearing "as previously scheduled."

31.   On January 9, 2020, Henoch and Shem Olam moved by order to show cause in New York Supreme Court, Kings County, to stay the January 9, 2020 Arbitration hearing from proceeding.  At the hearing on that order to show cause, Justice Ruchelsman implored the parties to proceed to mediation, rather than arbitration (or civil litigation).  Once again, Aryeh, Henoch and Shem Olam agreed to participate in mediation.  By stipulation dated that same day, Henoch and Shem Olam agreed to withdraw the Order to Show Cause and proceed to mediation.

32.   Ultimately, the mediation was unsuccessful.   Apparently frustrated by his lack of progress on undoing the Bankruptcy Court's Confirmation Order, on January 15, 2020 (while the motion to dismiss in the State Court Action was still pending), Mayer filed an amended complaint (the "Amended Complaint") in the State Court Action.   This time, Mayer included a number of additional plaintiffs and defendants, including Henoch, and also asserted several other causes of action, among them, ones seeking (i) to set aside the transfer of the Property from Mosdos to Radin (notwithstanding that the Bankruptcy Court's prior Confirmation Order specifically authorized a transfer of the Property by Mosdos), and (ii) "reversing" the mortgage given by Radin Development to Sterling Bank (notwithstanding that the proceeds of the Sterling Bank loan were used to pay the TBG Mortgage, which payment was specifically authorized to the Bankruptcy Court's Confirmation Order).

33.   After Mayer filed the Amended Complaint in the State Court Action, he, once again, tried to have the same claims that are the subject of the State Court Action *and* the Emergency Motion that this Court denied, adjudicated by Rabbi Bergman in an arbitration.   On January 28, 2020, Rabbi Bergman scheduled an arbitration hearing for February 11, 2020 "to adjudicate open issues."

## BASIS FOR REMOVAL

34.   The claims in the State Court Action are removable to the District Court pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Bankruptcy Rules.

35.   The District Court has jurisdiction over the claims in the State Court Action pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) because they arise in and/or are related to the Debtor's Chapter 11 bankruptcy case pending in the Bankruptcy Court, captioned *In re Mosdos Chofetz Chaim, Inc.* (Case No. 12-23616).   The claims and causes of action in the State Court Action represent a direct

attack on the Confirmation Order, and the resolution of the State Court Action necessarily impact

to the Debtor's Chapter 11 case.[6]

36.  Removal is timely here because § 1446(b)(3) provides that "if the case stated by the

initial pleading is not removable, a notice of removal may be filed within thirty days after receipt

by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or

---

[6] Section 1334(b) provides that a district court (and hence the bankruptcy court by referral under 28 U.S.C. § 157(a)) has jurisdiction over proceedings arising under Title 11, proceedings arising in a case under title 11, and proceedings related to a case under title 11. 28 U.S.C. § 1334(b)." "Related to" jurisdiction is a broad grant of federal jurisdiction, case law is divided whether, after confirmation of a chapter 11 plan, a "conceivable effect" test or the "close nexus" test applies. Where the debtor has been reorganized, the "close nexus" test applies. That close nexus test has two requirements: "First the matter must have a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution or administration of the confirmed plan and second, the plan must provide for the retention of jurisdiction over the dispute."  The "close nexus" test applies post-confirmation in reorganization cases because "it is assumed the reorganized debtor is becoming self-sufficient, and no longer needs umbrella protection from the bankruptcy court. Additionally, there is no estate, as property reverts to the reorganized debtor."  See discussion by Judge Glenn in *Black Diamond Commercial Finance, LLC v. Virginia Conservation Legacy Fuels, LLC*, Adv. Proc. No. 15-01409.  In *Lehman Bros. Holdings Inc. v. 1st Advantage Mortg., LLC (In re Lehman Bros. Holdings Inc.)*, 2018 Bankr. LEXIS 2406, the Court stated that:

> Although section 1334 does not distinguish between pre-confirmation and post-confirmation jurisdiction, certain courts have rejected the "conceivable effects" test of "related to" jurisdiction in the post-confirmation stage, instead espousing a more stringent standard referred to as the "close nexus" test. *See Penthouse Media Grp. v. Guccione (In re Gen. Media, Inc.)*, 335 B.R. 66, 73-74 (Bankr. S.D.N.Y. 2005) (citing *Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 166-67 (3d Cir. 2004)). Pursuant to the "close nexus" test, a party must demonstrate that a "close nexus" exists between the action and a confirmed plan or bankruptcy proceeding—rather than just a "conceivable effect" — by demonstrating that (i) the "matter affects the interpretation, implementation, consummation, execution, or administration of the confirmed plan or incorporated litigation trust agreement;" and (ii) the plan provides for the retention of jurisdiction over the matter. Id. at 73-74 (citations omitted).

Here, even if the "close nexus" test applies, the outcome of the State Court Action clearly affects the interpretation, implementation, consummation, or administration of the confirmed Plan. Additionally, the Plan includes a broad retention of jurisdiction provision that covers this dispute.

other paper from which it may first be ascertained that the case is one which is or has become removable." Here, the original complaint in the State Court Action sought only to "undo" an assignment from TBG to Shem Olam and did not seek to disrupt any transactions previously approved by the Court. The Amended Complaint, however, sought, for the first time in that case (i) to set aside the transfer of the Property from Mosdos to Radin (notwithstanding that the Bankruptcy Court's prior Confirmation Order specifically authorized a transfer of the Property by Mosdos), and (ii) to "reverse" the mortgage given by Radin Development to Sterling Bank (notwithstanding that the proceeds of the Sterling Bank loan were used to pay the TBG Mortgage, which payment was specifically authorized to the Bankruptcy Court's Confirmation Order).

37. The claims and causes of action in the State Court Action can be heard and determined in the Bankruptcy Court on reference from the District Court pursuant to 28 U.S.C. § 157(a) and the January 31, 2012 Amended Standing Order of Reference issued by the District Court for the Southern District of New York (Preska, Chief Judge) because the State Court Action arises in and/or is related to the Debtor's Chapter 11 case and the Bankruptcy Court derives its jurisdiction from the District Court.

38. Removal of the claims in the State Court Action and referral to the Bankruptcy Court best facilitates the Debtor's goals of efficiency and timely administering the Debtor's affairs and assets through the Chapter 11 case, where they have been administered since 2012.

39. Upon removal, the claims asserted in the State Court Action are core proceedings within the meaning of 28 U.S.C. § 157(b)(2) because they concern the administration of the Debtor's Chapter 11 case, including but not limited to, the interpretation and enforcement of the Confirmation Order.

40.  In the event that any of the claims in the State Court Action are determined to be non-core, Mosdos consents to the entry of a final order or judgment by the Bankruptcy Court.

41.  Pursuant to the requirements of Rule 9027, copies of the complaint and amended complaint filed in the State Court Action are attached hereto as Exhibit "1".

42.  In accordance with Rule 9027, Mosdos will serve a file copy of the Notice of Removal on all parties to the State Court Action, as well as the Clerk of the Supreme Court of the State of New York, Rockland County and the Clerk of the Bankruptcy Court.

**NOW THEREFORE**, the parties to the State Court Action are **HEREBY NOTIFIED** pursuant to Rule 9027(c), that:

A.  Removal of all claims and causes of action in the State Court Action was effected upon the filing of a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, Rockland County.

B.  The claims and causes of action in the State Court Action are removed from the Supreme Court of the State of New York, Rockland County to the United States District Court for the Southern District of New York and pursuant to 28 U.S.C. § 1452(a) and the Amended Standing Order of Referral, are referred to the United States Bankruptcy Court for the Southern District of New York for hearing and determination in connection with the Debtor's pending Chapter 11 case, captioned *In re Mosdos Chofetz Chaim, Inc.* (Case No. 12-23616) (RDD).

C.  The parties to the State Court Action shall proceed no further in the Supreme Court of the

State of New York, Rockland County unless and until the action is remanded by the

Bankruptcy Court.

Dated: February 6, 2020
       New York, New York

                                              LEVINE & ASSOCIATES, P.C.

                                              By: _____
                                                        Michael Levine

                                              15 Barclay Road
                                              Scarsdale, NY  10583
                                              Telephone (914) 600-4288
                                              Facsimile (914) 725-4778
                                              e-mail: ml@LevLaw.org

                                              *Attorneys for Litigation Attorneys for
                                              Mosdos Chofetz Chaim, Inc.,
                                              Restructured Debtor*

# EXHIBIT 1

**FILED: ROCKLAND COUNTY CLERK 10/25/2019 07:09 PM**                INDEX NO. 036069/2019

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 11/12/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------X

MOSDOS CHOFETZ CHAIM INC.                    Index No. 03069/2019

                              Plaintiff,     SUMMONS and COMPLAINT
         -against-                           Plaintiff designates Rockland
                                             County as the place of trial
                                             Venue is proper in this County
                                             Pursuant to C.P.L.R. § 503

MOSDOS CHOFETZ CHAIM INC. TBG RADIN LLC,
and SHEM OLAM LLC
                              Defendants.
-----------------------------------------------------------------X

    To the PERSON(S) NAMED AS DEFENDANTS ABOVE:

         PLEASE TAKE NOTICE THAT YOU ARE SUMMONED and required to serve upon

plaintiff, at the address stated below, a notice of appearance or demand for a complaint within 20

days after service of this SUMMONS (not counting the day of service itself), or within 30 days after

service is complete if the Summons is not delivered personally to you within the State of New York.


**NOTICE:** the nature of this action is to undo the unauthorized filing of a mortgage and security

agreement filed against the real property 50 Grandview Avenue, Spring Valley NY 10977, also

known as 1-60 Kiryas Radin Drive, Spring Valley NY 10977, in the unincorporated Town of

Ramapo, County of Rockland, State of New York, being the Assignment of Mortgage from TBG

Radin LLC to Shem Olam LLC recorded in the Office of the Rockland County Clerk on October 11,

2019 in Instrument ID #2019-00029238. (Schedule A Description of real property attached hereto

along with a copy of the Exhibit A denoting the chain of mortgages filed as attachment to the

October 11, 2019 Assignment of Mortgage from TBG Radin LLC to Shem Olam LLC in Instrument

ID #2019-00029238.


**THE RELIEF SOUGHT IS:**

1) Vacate the mortgage and security agreement.

2) Granting Plaintiff declaratory judgment.

3) Granting Plaintiff reasonable attorneys fees, incidental damages, disbursements and costs.

4) Such other and further relief as to the Court may seem just, fair and proper.

       YOU ARE HEREBY NOTIFIED THAT should you fail to serve a notice of appearance or demand for a complaint, a judgment will be entered against you by default for the relief demanded herein.

Dated: November 1, 2019

UGELL LAW FIRM, PC

By:_____
    SCOTT B. UGELL, ESQ.
    Attorneys for the Plaintiff
    151 North Main Street
    New City, NY 10956
    (845) 639-7011

FILED: ROCKLAND COUNTY CLERK 10/25/2019 07:09 PM INDEX NO. 036069/2019
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 11/12/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-------------------------------------------------------------------X

MOSDOS CHOFETZ CHAIM INC.                          Index No.

       Plaintiff,                  VERIFIED COMPLAINT

   -against-

MOSDOS CHOFETZ CHAIM INC., TBG RADIN LLC,
and SHEM OLAM LLC
       Defendants.

-------------------------------------------------------------------X

   PLAINTIFF, by its attorneys, Scott B. Ugell, Esq. and the Ugell Law Firm, PC, as and

for its verified Complaint respectfully alleges as follows:

   1) Plaintiff is a not-for-profit religious corporation with a principal place of business

located in the State of New York, County of Rockland.

   2) Defendants in this action Mosdos Chofetz Chaim, Inc., TBG Radin LLC, and Shem

Olan LLC all maintain principal places of business in the State of New York.

   3) Plaintiff in this action seeks a Judgment demanding relief affecting title to real

property, to undo the unauthorized filing of mortgage and security agreements against the

Plaintiff's real property known as 50 Grandview Avenue, Spring Valley NY 10977, also known

as 1-60 Kiryas Radin Drive, Spring Valley NY 10977, in the unincorporated Town of Ramapo,

County of Rockland, State of New York based upon the following facts.

   4) On or about September 19, 2019 an Assignment of Mortgage was made from TBG

Radin LLC, a limited liability company having an office at 61-35 Dry Harbor Road, Middle

Village, NY 11379, as Assignor to Shem Olam LLC, a New York limited liability company

having an office address of 18 Mountain Avenue, Monsey, NY 10952 as Assignee, and filed and

recorded in the Rockland County Clerk's Office on October 11, 2019 as Instrument ID #2019-

FILED: ROCKLAND COUNTY CLERK 10/25/2019 07:09 PM   INDEX NO. 036069/2019

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 11/12/2019

00020238 as to the real property, further identified as Section 41.20, Block 2, Lot 40 situate in

the unincorporated Town of Ramapo, State of New York .

    5) Plaintiff complains on information and belief that Assignment of Mortgage herein noted

was effected without the authorization or knowledge of the Plaintiff, the religious corporation

Mosdos Chofetz Chaim, Inc. Further, Plaintiff prays that all of the purported herein transactions

be set aside as unauthorized and invalid.


    WHEREFORE, Plaintiff demands a Judgment voiding the mortgage and security agreement,

granting Plaintiff declaratory judgment, granting Plaintiff reasonable attorneys fees, incidental

damages, disbursements and costs, and such other relief as to this Court deems just, proper and

equitable under the circumstances herein.


    Dated: New City, NY
          November 1, 2019


Yours, etc.

SCOTT B. UGELL, ESQ.
UGELL LAW FIRM, PC
Attorneys for the Plaintiff
151 North Main Street
New City, NY 10956
(845) 639-7011

VERIFICATION

I am the Plaintiff in this action. I have read the foregoing and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Date: November 1, 2019

MOSDOS CHOFETZ CHAIM INC.
PLAINTIFF
BY: MAYER ZAKS, GRAND RABBI/PRESIDENT

State of New York
County of Rockland

Sworn to before me this

1st day of November, 2019

_____
Notary Public

Scott B. Ugell
Notary Public, State of New York
No. 4863973 Qualified in Rockland County
Commission Expires June 9, 20 22

FILED: ROCKLAND COUNTY CLERK 10/25/2019 07:09 PM INDEX NO. 036069/2019

NYSCEF DOC. NO. 1

Case 7:20-cv-01038-VB Document 1 Filed 02/06/20 Page 24 of 51

RECEIVED NYSCEF: 11/12/2019
INDEX NO. 036069/2019

NYSCEF DOC. NO. 2

RECEIVED NYSCEF 10/28/2019

## SCHEDULE A DESCRIPTION

ALL THAT tract or parcel of land situated in the unincorporated Town of Ramapo County of Rockland, State of New York, and more particularly described as follows:

Beginning at the point where the centerline of Grandview Avenue at the northwesterly corner of lands of the United States of America, said point being north 84°-51'-02". Proceeding thence:

1. West along said centerline a distance of 61 3.15 feet, from the northwesterly corner of lands of Tosha Samaroff

2. Thence running south 04°-23'-35" west along said lands of the United States of America. a distance of 425.00 feet;

3. Thence north 84°—51'-02" west through lands of the Halloran H. Brown Estate, a distance of
500.00 feet;

4. Thence north 04°-23'-35" east, still through lands of the Halloran H. Brown Estate, a distance of 425.00 feet to the centerline of Grandview Avenue;

5. Thence south 84°-51'-02" east, along said centerline, a distance of 500.00 feet to a point or place of beginning.

**Containing 4.88 acres of land more or less.**

Section: 41.20    Block: 2      Lot: 40

Case 7:20-cv-01038-VB   Document 1   Filed 02/06/20   Page 25 of 51

## EXHIBIT A

### Mortgages

Mortgage and Security Agreement in the original principle amount of $12,800,000.00 made by Mosdos Chofetz Chaim, Inc. as mortgagor, to Citizens Bank, N.A., as Mortgagee, dated December 20, 2005 and recorded in the Office of the Rockland County Clerk on December 27, 2005 at Document Number 2005-00071672;

Which mortgage was assigned by RBS Citizens, N.A. f/k/a Citizens Bank, N.A., as assignor, to Avon Group Limited Liability Company, as assignee, by Assignment of Note and Mortgage dated September 24, 2011 and recorded in the Office of the Rockland County Clerk on September 28, 2011 at Document Number 2011-00035141;

Which mortgage was assigned by Assignment of Mortgage from Avaon Group Limited Company, as assignor, to TBG Radin LLC, as assignee, by Assignment of Note and Mortgage dated December 21, 2017 and recorded in the Office of the Rockland County Clerk on March 3, 2018 at Document Number 2018-00009122

Together with the modification Agreement between Mosdos Chofetz Chaim Inc. and TBG Radin LLC, dated December 13 2017 and recorded in the Office of the Rockland County Clerk on March 3, 2018 at Document Number 2018-00009123

Index No.: 03069/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

MOSDOS CHOFETZ CHAIM INC.

Plaintiff,

-against-

MOSDOS CHOFETZ CHAIM INC., TBG RADIN LLC,
and SHEM OLAM LLC

Defendants.

SUMMONS and COMPLAINT

Signature (Rule 130-1.1-a)          Dated: 11/1/2019

Scott B. Ugell, Esq.

**Ugell Law Firm, P.C.**
**Attorney for Plaintiff**
**151 North Main Street**
**Suite 202**
**New City, New York 10956**
**(845) 639-7011**

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM
NYSCEF DOC. NO. 45

INDEX NO. 036069/2019
RECEIVED NYSCEF: 01/15/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

-------------------------------------------------------------------------x

MOSDOS CHOFETZ CHAIM INC., RABBI MAYER ZAKS,
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,
SIMA WEINTRAUB, derivatively on behalf of MOSDOS
CHOFETZ CHAIM INC., DANIEL ROSENBLUM,
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,
JOSEPH GRUNWALD, derivatively on behalf of MOSDOS
CHOFETZ CHAIM INC. and YISROEL HOCHMAN,
derivatively on behalf of MOSDOS CHOFETZ CHAIM INC.,

Index No. 036069/2019

                              Plaintiffs,

**VERIFIED
AMENDED COMPLAINT**

           -against-

MOSDOS CHOFETZ CHAIM INC., CHOFETZ CHAIM INC.,
TBG RADIN LLC, SHEM OLAM LLC, CONGREGATION
RADIN DEVELOPMENT INC., ARYEH ZAKS, BEATRICE
WALDMAN ZAKS, HENOCH ZAKS, MENDEL ZAKS,
GITTEL ZAKS LAYOSH, SAMUEL MARKOWITZ
and STERLING NATIONAL BANK,

                              Defendants.

-------------------------------------------------------------------------x

    Plaintiffs Mosdos Chofetz Chaim Inc. ("Mosdos"), Rabbi Mayer Zaks, derivatively on

behalf of Mosdos, Sima Weintraub, derivatively on behalf of Mosdos, Daniel Rosenblum,

derivatively on behalf of Mosdos, Joseph Grunwald, derivatively on behalf of Mosdos and

Yisroel Hochman, derivatively on behalf of Mosdos (collectively, "Plaintiffs"), by and through

their attorneys, Twersky PLLC, hereby file this Verified Amended Complaint, and in support

thereof, respectfully allege as follows:

    1. This is an action for, *inter alia*, declaratory judgment and to quite title pursuant to

RPAPL Article 15, fraud, unjust enrichment, breach of fiduciary duties, accounting, constructive

trust and conversion, stemming from Defendant Aryeh Zaks' ("Rabbi Aryeh") unlawful transfer

of the property belonging to Mosdos, a not-for-profit religious corporation which is currently in

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM   INDEX NO. 036069/2019
NYSCEF DOC. NO. 45                                        RECEIVED NYSCEF: 01/15/2020

bankruptcy, and other unauthorized transactions entered into by Rabbi Aryeh and the other Defendants.

2. Upon information and belief, Rabbi Aryeh, an ostensibly pious individual, and those acting in concert with him, including his son, Henoch Zaks ("Henoch"), represented themselves as the board of Mosdos and took wholly improper actions which deprived Mosdos of its only asset, the real property located at 50 Grandview Avenue, Spring Valley, New York, also known as 1-60 Kiryas Radin Drive, Spring Valley, New York 110977, Section 41.20, Block 2, Lot 40 (the "Property").

3. Adding to this terrible tale, is the level of fraud and deceit Rabbi Aryeh and Henoch went to in order to cloak their scheme with a veneer of legitimacy, which included creating several fraudulent not-for-profit religious corporations, some ostensibly not related to either of them, but in truth and fact, are completely controlled by both Rabbi Aryeh and Henoch.

4. Rabbi Aryeh and Henoch then not only deceived Mosdos, its board and its members by stealing its only asset, but misled and conned Sterling National Bank out of tens of millions of dollars, secured by the very property Rabbi Aryeh and Henoch stole from Mosdos, for zero consideration and no downpayment.

5. Plaintiffs, at least 5% of the membership of Mosdos, only found out about Rabbi Aryeh's and Henoch's activities after the fact, after Rabbi Aryeh and Henoch had effectively sold and transferred the Property to themselves. Neither the board nor the membership of Mosdos authorized Rabbi Aryeh to act on behalf of Mosdos.

6. Upon information and belief, all of the Defendants have intentionally harmed Mosdos and entered into and approved many illegitimate transactions, all of which must be unwound and undone. Further, the Defendants must be held accountable for their unlawful actions.

2

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM

NYSCEF DOC. NO. 45

INDEX NO. 036069/2019

RECEIVED NYSCEF: 01/15/2020

## PARTIES

7. Plaintiff Mosdos Chofetz Chaim Inc. ("Mosdos") is a not-for-profit religious corporation, with its principal place of business in Rockland County, New York.

8. Plaintiff Rabbi Mayer Zaks ("Rabbi Mayer") is a natural person and resides in Rockland County, New York, and is the President and Dean of Mosdos.

9. Plaintiff Sima Weintraub is a natural person and resides in Rockland County, New York.

10. Plaintiff Daniel Rosenblum is a natural person and resides in Rockland County, New York.

11. Plaintiff Joseph Grunwald is a natural person and resides in Rockland County, New York.

12. Plaintiff Yisroel Hochman is a natural person and resides in Rockland County, New York.

13. Nominal Defendant Mosdos Chofetz Chaim Inc. is a not-for-profit religious corporation, with its principal place of business in Rockland County, New York.

14. Upon information and belief, Defendant Chofetz Chaim Inc. is a not-for-profit religious corporation, with its principal place of business in Rockland County, New York. Upon information and belief, Defendants Aryeh Zaks and/or Henoch Zaks are the owners and/or principals of Chofetz Chaim Inc. and control it.

15. Upon information and belief, Defendant TBG Radin LLC ("TBG Radin") is a Foreign Limited Liability Company with its principal place of business in Queens County, New York. Upon information and belief, Jonathan Strasser is the owner and/or principal of TBG Radin and controls it.

3

Case 7:20-cv-01038-VB   Document 1   Filed 02/06/20   Page 31 of 51

16. Upon information and belief, Defendant Shem Olam LLC ("Shem Olam") is a Limited Liability Company with its principal place of business in Rockland County, New York. Upon information and belief, Defendants Aryeh Zaks and/or Henoch Zaks are the owners and/or principals of Shem Olam and control it.

17. Upon information and belief, Defendant Congregation Radin Development Inc. ("Congregation Radin") is a not-for-profit religious corporation, with its principal place of business in Rockland County, New York. Upon information and belief, Defendant Samuel Markowitz, Steven Green, Daniel Green and Yehudah Bluminfeld are members of the board of Congregation Radin, and Defendants Aryeh Zaks and/or Henoch Zaks control it.

18. Upon information and belief, Defendant Aryeh Zaks is a natural person and resides in Rockland County, New York.

19. Upon information and belief, Defendant Beatrice Waldman Zaks is a natural person and resides in Rockland County, New York.

20. Upon information and belief, Defendant Henoch Zaks is a natural person and resides in Rockland County, New York.

21. Upon information and belief, Defendant Mendel Zaks is a natural person and resides in Rockland County, New York.

22. Upon information and belief, Defendant Gittel Zaks Layosh is a natural person and resides in Rockland County, New York.

23. Upon information and belief, Defendant Samuel Markowitz is a natural person and resides in Kings County, New York.

24. Upon information and belief, Sterling National Bank ("Sterling") is the principal subsidiary of Sterling Bancorp, a regional bank holding company, with its principal place of

4

INDEX NO. 036069/2019

RECEIVED NYSCEF: 01/15/2020

business in Rockland County, New York.

## JURISDICTION AND VENUE

25. Jurisdiction and venue are proper in this Court because the events giving rise to the claims in this action occurred in Rockland County, New York, Mosdos' principal place of business is in Rockland County, New York, many of the individual parties reside in Rockland County, New York, many of the entity parties have their principal place of business in Rockland County, New York and the Property is located in Rockland County, New York.

## INTRODUCTION

26. This action is commenced because of the wholly improper actions of Rabbi Aryeh Zaks and those acting in concert with him, including the other Defendants.

27. Rabbi Aryeh, unilaterally and without following the proper procedures outlined for a not-for-profit religious organization generally, or Mosdos specifically, took steps to deprive Mosdos of its only asset, the Property, and to steal money for himself.

28. While Mosdos was in the midst of bankruptcy proceedings, and before the confirmation order in those proceedings was entered, Rabbi Aryeh fraudulently orchestrated the unauthorized transfer of the Mortgage and Note on the Property (as defined below), which was held by Defendant TBG Radin LLC, to Defendant Shem Olam LLC, a newly formed entity which Rabbi Aryeh and his son, Defendant Henoch, own and control and which was only formed for the purposes of Rabbi Aryeh's betrayal of Mosdos.

29. TBG Radin's intention was to transfer the Mortgage and Note to Mosdos Chofetz Chaim Inc. and was tricked into transferring them to Shem Olam *only because of the deceptive behavior of Rabbi Aryeh and Henoch*.

30. Upon information belief, Rabbi Aryeh and/or Henoch told a representative of TBG

5

Radin that Shem Olam was a related entity to Mosdos, and promised TBG Radin a charitable

donation receipt from Mosdos Chofetz Chaim Inc. in exchange for the transfer to Shem Olam.

31. However, the charitable donation receipt actually given to TBG Radin was from

Chofetz Chaim Inc., not Mosdos Chofetz Chaim Inc., a small difference presumably not noticed

by TBG Radin.

32. Chofetz Chaim Inc. is yet another newly formed entity by Rabbi Aryeh and Henoch,

formed as yet another vehicle for them to attempt to hide their deceptive scheme, to confuse

TBG Radin and ultimately steal the Property from Mosdos.

33. Next in his fraudulent scheme, Rabbi Aryeh transferred the deed to the Property to

Defendant Congregation Radin Development Inc., another new entity formed for these purposes,

controlled by Rabbi Aryeh and Henoch, for no consideration and no downpayment.

34. Upon information and belief, most, if not all, of Congregation Radin's own board did

not know of the zero consideration transfer and the fraudulent purchase of the Property, and did

not approve it.

35. All of the above transfers and assignments were done unilaterally, without the

necessary board approval by the true board of Mosdos, and without other proper court approvals

required by the New York Not-For-Profit and/or Religious Corporation law.

36. To complete his theft of the Property and all of Mosdos' equity, Rabbi Aryeh then

obtained a multi-million dollar loan from Defendant Sterling National Bank, and upon

information and belief, has attempted to abscond with the proceeds.

37. Upon information and belief, most, if not all, of Congregation Radin's own board did

not know of the Sterling Mortgage (as defined below) and did not approve it.

38. All of these actions by Rabbi Aryeh and those acting with him contain rampant self-

6

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM
NYSCEF DOC. NO. 45

INDEX NO. 036069/2019
RECEIVED NYSCEF: 01/15/2020

dealing and were completely unauthorized. The unauthorized transactions entered into and done by the Defendants must be unwound and the Property must be returned to Mosdos.

## FACTS

39. Plaintiff Rabbi Mayer Zaks is the president and member of the board of Mosdos, a corporation organized under the New York Religious Corporation Law, formed for the purpose of promoting the religious, intellectual, moral and social welfare among its members, students and families, those of the Orthodox Jewish faith.

40. To this end, another purpose of Mosdos is to maintain and conduct a "Yeshiva," or parochial school on its Property, where it conducts religious services, classes and lectures to promote the teachings, customs, worship and traditions of Orthodox Judaism. Rabbi Mayer is the dean of the Yeshiva.

41. The Property was developed as a religious campus, with a synagogue and Yeshiva at its center and an adult student housing facilities surrounding. Many of the students of the Yeshiva are members of Mosdos and live on the Property with their families.

42. In or around 2017, Defendant TBG Radin purchased a Note on the Property, which was valued at $22,173,784.04 (Twenty Two Million, One Hundred and Seventy Three Thousand, Seven Hundred and Eighty Four Dollars and Four Cents), for approximately $6,200,000.00 (Six Million, Two Hundred Thousand Dollars) (the "Note"), which gave TBG Radin a valid first mortgage lien on the Property in that amount (the "Mortgage").

43. Rabbi Mayer, president of the board of Mosdos, and Rabbi Aryeh, secretary of the board, had agreed on behalf of the board and members of Mosdos that the Note and Mortgage to TBG Radin would later be deemed a religious charitable donation and be tax deductible, as TBG Radin would gift both back to Mosdos, leaving Mosdos owning the Property free and clear.

7

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM
NYSCEF DOC. NO. 45

INDEX NO. 036069/2019
RECEIVED NYSCEF: 01/15/2020

44. In order to incentivize TBG Radin or another potential donor to purchase the Note and Mortgage and donate them back to Mosdos, several million dollars was contributed on Mosdos' behalf towards the purchase and satisfaction of the Note and Mortgage.

45. The board and Mosdos understood that this large payment was in consideration for TBG Radin donating the Note and Mortgage back to Mosdos.

46. Rabbi Aryeh assured Rabbi Mayer, and other members of Mosdos, that he would take care of arranging this with TBG Radin and that he would arrange the necessary paperwork and receipt, for the benefit of Mosdos.

47. Rabbi Mayer, and other members of Mosdos, trusted and believed that Rabbi Aryeh would do what he said he would, and that the Note and Mortgage would be transferred and donated back to Mosdos.

48. However, instead of arranging the transfers as discussed and agreed to by Rabbi Mayer and approved by the true board of Mosdos, the plan to get Mosdos debt free was thwarted by Rabbi Aryeh and the rest of the Defendants' fraudulent misdeeds and unauthorized transfers.

49. First, Rabbi *Aryeh and/or Henoch convinced TBG Radin to assign and transfer the Note and Mortgage from TBG Radin to Defendant Shem Olam*, *an entity completely unknown to Plaintiffs*, which is owned and controlled by Rabbi Aryeh and Henoch.

50. Rabbi Aryeh and Henoch were able to do this by telling representatives of TBG Radin, including its financial advisor, Ephraim Steinberg, that Shem Olam was really an affiliate of Mosdos. *However, Shem Olam is not related to Mosdos and never has been, and this was an outright lie*.

51. In order to conceal this insider transfer and to avoid his scheme coming to light, Rabbi Aryeh did not immediately record the assignment from TBG Radin to Shem Olam, and

8

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM INDEX NO. 036069/2019
NYSCEF DOC. NO. 45                                                    RECEIVED NYSCEF: 01/15/2020

waited nearly one month to record the assignment with the County Clerk's Office.

52. Next, Rabbi *Aryeh and/or Henoch transferred the deed and "sold" the Property from Mosdos to Defendant Congregation Radin*, another unknown entity which is controlled by Rabbi Aryeh and Henoch, which was, upon information and belief, not a properly formed entity on the date of the transfer.

53. Finally, Rabbi *Aryeh obtained a loan from Sterling National Bank in the amount of $15,000,000.00* (Fifteen Million Dollars) (the "Sterling Mortgage"), secured by the Property.

54. All of these actions were taken *without the approval of the actual and real board of Mosdos or the members of Mosdos*, which is necessary for any transfers relating to any not-for-profit religious corporations. Further, these actions are in clear violation of the bankruptcy proceeding which Mosdos is currently in.

55. In addition, the actions were taken without receiving the necessary approvals under New York Not-for-Profit Corporation Law ("NPCL") § 511/511-a.

56. In fact, and most appalling, is that Rabbi Aryeh's self-dealing actions were not even known by Rabbi Mayer or the rest of the Mosdos board or membership.

57. Upon information and belief, Rabbi Aryeh took these actions in secret so that he could steal the Property and proceeds of the Sterling Mortgage. He knew that the true Mosdos board would never approve the actions he took.

58. Additionally, upon information and belief, Rabbi Aryeh and Henoch were further assisted in their fraudulent scheme and were able to keep the Sterling Mortgage hidden from the Mosdos board and membership, because Rabbi Aryeh's daughter, Fayge Zaks Nussbaum, acted as the mortgage broker, and Rabbi Aryeh's close family friend, Nataniel Rubinov, acted as the banker for Sterling Bank.

9

59. All of these actions, while completely unauthorized, inappropriate and unlawful, have also left Mosdos asset free, which will hinder it from continuing its mission and purpose.

60. Plaintiffs have demanded that the board of Mosdos bring a lawsuit against Defendants to address the above issues.  The board has not acted.  Upon information and belief, Rabbi Aryeh and his wife can block the board of Mosdos from taking action against them, which is why the board has refused to take action and why the demand is futile.

### AS AND FOR A FIRST CAUSE OF ACTION
(Quiet Title Pursuant to RPAPL Article 15 for
Reversal of the Transfer Against All Defendants)

61. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 60 above, inclusive, with the same force and effect as if set forth at length herein.

62. Plaintiff Mosdos Chofetz Chaim Inc. is the true and correct owner of the Property in fee simple, without any encumbrances or mortgages.

63. Mosdos has the above interest by virtue of the fact that it is the deed owner of the Property.

64. The transfer of the Property to Defendant Congregation Radin Development Inc. was not authorized and is void, or at least voidable, as is set forth above.

65. In addition, Defendant Sterling National Bank knew, or should have known, that the transfer to Congregation Radin Development Inc. was not proper as it did not follow the requirements of the law, as is set forth above.

66. All known parties who claim to have an interest in the Property have been joined in this action as parties.

67. Defendants' purported liens and interests in the Property constitute an improper cloud on Mosdos' title to the Property and have threatened to interfere with Mosdos' quiet enjoyment

10

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM

NYSCEF DOC. NO. 45

INDEX NO. 036069/2019

RECEIVED NYSCEF: 01/15/2020

of the Property.

68. Mosdos alleges that all such claims which the Defendants may advance as to the Property are invalid and of no legal force and effect, and that all such claims have been wholly and effectually extinguished, cut off and barred, and that Mosdos is seized and possessed of the Property free and wholly discharged from any and every such claim or demand.

69. By reason of the foregoing, a justiciable controversy exists between Mosdos and the Defendants, for which Mosdos has no adequate remedy at law.

70. The Defendants' conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

71. By reason of the foregoing, Mosdos demands that a declaratory judgment which provides that Defendants have no right, title, claim or interest in the Property whatsoever, at law or at equity, and that Mosdos is the owner of the Property in fee simple absolute, free and clear of any claims which Defendants may have to an ownership interest, a mortgage interest, an interest by virtue of one or more mechanic's liens, a lien interest, or any other interest in the Property.

## AS AND FOR A SECOND CAUSE OF ACTION
(Quiet Title Pursuant to RPAPL Article 15 for
Reversal of the Sterling Mortgage Against All Defendants)

72. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 71 above, inclusive, with the same force and effect as if set forth at length herein.

73. Plaintiff Mosdos Chofetz Chaim Inc. is the true and correct owner of the Property in fee simple, without any encumbrances or mortgages.

74. Mosdos has the above interest by virtue of the fact that it is the deed owner of the

11

Property.

75. The Sterling Mortgage placed on the Property was not authorized and is void, or at least voidable, as is set forth above, as Defendant Sterling National Bank knew, or should have known, that the transfer to Congregation Radin Development Inc. was not proper as it did not follow the requirements of the law, as is set forth above.

76. All known parties who claim to have an interest in the Property have been joined in this action as parties.

77. Defendants' purported liens and interests in the Property constitute an improper cloud on Mosdos' title to the Property and have threatened to interfere with Mosdos' quiet enjoyment of the Property.

78. Mosdos alleges that all such claims which the Defendants may advance as to the Property are invalid and of no legal force and effect, and that all such claims have been wholly and effectually extinguished, cut off and barred, and that Mosdos is seized and possessed of the Property free and wholly discharged from any and every such claim or demand.

79. By reason of the foregoing, a justiciable controversy exists between Mosdos and the Defendants, for which Mosdos has no adequate remedy at law.

80. The Defendants' conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

81. By reason of the foregoing, Mosdos is entitled to and demands a declaratory judgment which provides that Defendants have no right, title, claim or interest in the Property whatsoever, at law or at equity, and that Mosdos is the owner of the Property in fee simple absolute, free and clear of any claims which Defendants may have to an ownership interest, a

12

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM
NYSCEF DOC. NO. 45

INDEX NO. 036069/2019
RECEIVED NYSCEF: 01/15/2020

mortgage interest, an interest by virtue of one or more mechanic's liens, a lien interest, or any other interest in the Property, and that the Sterling Mortgage should be declared null and void.

### AS AND FOR A THIRD CAUSE OF ACTION
(Fraud Against Rabbi Aryeh Zaks and Henoch Zaks)

82. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 81 above, inclusive, with the same force and effect as if set forth at length herein.

83. As described above, Defendants Rabbi Aryeh and Henoch defrauded the board and members of Mosdos, which ultimately led to their self-dealing and theft of the Property, the Note and Mortgage and the Sterling Mortgage.

84. Instead of arranging for TBG Radin LLC to donate the Note and Mortgage back to Mosdos, as agreed to and approved by the board, Rabbi Aryeh and/or Henoch made material misrepresentations and outright lies to TBG Radin, purportedly on behalf of Mosdos, including that the Note and Mortgage should be assigned to Defendant Shem Olam LLC, instead of Mosdos.

85. Upon information and belief, Rabbi Aryeh and/or Henoch lied to a representative of TBG Radin and stated that Shem Olam was a related entity to Mosdos, when in fact Shem Olam is not and never has been related in any way to Mosdos.

86. Upon information and belief, Rabbi Aryeh and/or Henoch intentionally told this lie to TBG Radin intending for TBG Radin to rely on it, which TBG Radin did.

87. TBG Radin did transfer and assign the Note and Mortgage to Shem Olam, believing that it was an affiliate of Mosdos, as its intention was to transfer and return the Note and Mortgage to Mosdos.

88. Upon information and belief, Rabbi Aryeh and Henoch told these lies and made these misrepresentations so that they could steal the Property from Mosdos.

13

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM

NYSCEF DOC. NO. 45

INDEX NO. 036069/2019

RECEIVED NYSCEF: 01/15/2020

89. Rabbi Aryeh and Henoch's self-dealing and fraud has resulted in extensive damage to Mosdos, as they led directly to Mosdos losing its only asset, the Property.

90. Defendants Rabbi Aryeh Zaks and Henoch Zaks' conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

91. By reason of the foregoing, Defendants Rabbi Aryeh Zaks and Henoch Zaks are liable to Plaintiffs for actual damages in an amount to be determined at trial, which amount is not less than Thirty Million Dollars ($30,000,000.00), plus punitive damages, interest, costs and the expenses of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Unjust Enrichment Against Rabbi Aryeh Zaks and Henoch Zaks)

92. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 91 above, inclusive, with the same force and effect as if set forth at length herein.

93. By virtue of his position with Mosdos, Defendant Rabbi Aryeh had a confidential relationship with Mosdos and owed fiduciary duties to Mosdos, which he breached entirely in many ways.

94. One way in which Rabbi Aryeh breached his duties to Mosdos was by obtaining the Sterling Mortgage, which was completely unauthorized.

95. Upon information and belief, Rabbi Aryeh and Henoch have personally taken some or all of the proceeds from the Sterling Mortgage

96. As is outlined above, the Sterling Mortgage was completely unauthorized and only obtained by Rabbi Aryeh and Henoch, directing a series of illegitimate actions, to steal the Property from Mosdos.

97. As a direct result of the Sterling Mortgage, Rabbi Aryeh and Henoch have been

14

unjustly enriched by taking money from a loan on the Property which rightfully belongs to Mosdos.

98. Defendants Rabbi Aryeh Zaks and Henoch Zaks' conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

99. By reason of the foregoing, Defendant Rabbi Aryeh Zaks and Henoch Zaks are liable to Plaintiffs for actual damages in an amount to be determined at trial, which amount is not less than Thirty Million Dollars ($30,000,000.00), plus punitive damages, interest, costs and the expenses of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Unjust Enrichment Against Rabbi Aryeh Zaks, Henoch Zaks and Shem Olam LLC)

100. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 99 above, inclusive, with the same force and effect as if set forth at length herein.

101. By virtue of his position with Mosdos, Defendant Rabbi Aryeh had a confidential relationship with Mosdos and owed fiduciary duties to Mosdos, which he breached entirely in many ways.

102. Another way in which Rabbi Aryeh breached his duties to Mosdos was through his illegitimate actions of whereby the Note and Mortgage on the Property was fraudulently transferred and assigned to Shem Olam LLC, instead of Mosdos Chofetz Chaim Inc. as agreed.

103. As a direct result of this unauthorized transfer, Shem Olam, Rabbi Aryeh and Henoch have been unjustly enriched.

104. Defendants Rabbi Aryeh Zaks, Henoch Zaks and Shem Olam LLC's conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil

15

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM   INDEX NO. 036069/2019
NYSCEF DOC. NO. 45                                                RECEIVED NYSCEF: 01/15/2020

obligations.

105. By reason of the foregoing, Defendants Rabbi Aryeh Zaks and Shem Olam LLC are liable to Plaintiffs for actual damages in an amount to be determined at trial, which amount is not less than Thirty Million Dollars ($30,000,000.00), plus punitive damages, interest, costs and the expenses of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Breach of Fiduciary Duties Against Rabbi Aryeh Zaks)

106. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 105 above, inclusive, with the same force and effect as if set forth at length herein.

107. By virtue of his position with Mosdos, Defendant Rabbi Aryeh had a confidential relationship with Mosdos and owed fiduciary duties to Mosdos.

108. Rabbi Aryeh's fiduciary duties included obligations to exercise good judgement, to act prudently relating to Mosdos, to maximize benefits and minimize risks for Mosdos and to always act in the best interest of Mosdos.

109. As described above, Rabbi Aryeh breached the fiduciary duties he owed to Mosdos on numerous occasions and in multiple ways, by self-dealing and acting wholly unilaterally instead of with proper board approval, including but not limited to by inducing TBG Radin to transfer the Note and Mortgage on the Property to Defendant Shem Olam LLC instead of Mosdos, by transferring the deed of the Property to Defendant Congregation Radin Development LLC and by obtaining the Sterling Mortgage.

110. Rabbi Aryeh's multiple breaches have extensively harmed Mosdos, as they led directly to Mosdos losing its only asset, the Property.

111. Rabbi Aryeh acted in a manner wholly inconsistent with the agency and trust Mosdos had in him and failed to exercise the utmost good faith and loyalty in the performance of

16

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM

NYSCEF DOC. NO. 45

INDEX NO. 036069/2019

RECEIVED NYSCEF: 01/15/2020

his duties to Mosdos.

112. Rabbi Aryeh's self-interested acts, practices and courses of conduct as described above are so egregious on their face that they could not have been the products of sound judgment.

113. Defendant Rabbi Aryeh Zaks' conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

114. By reason of the foregoing, Defendant Rabbi Aryeh Zaks is liable to Plaintiffs for actual damages in an amount to be determined at trial, which amount is not less than Thirty Million Dollars ($30,000,000.00), plus punitive damages, interest, costs and the expenses of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Accounting Against All Defendants)

115. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 114 above, inclusive, with the same force and effect as if set forth at length herein.

116. By virtue of his position with Mosdos, Defendant Rabbi Aryeh had a confidential relationship with Mosdos and owed fiduciary duties to Mosdos.

117. As is outlined above, Rabbi Aryeh misappropriated the assets of Mosdos and directed them to the other Defendants in this action.

118. In addition, upon information and belief, the Defendants have been collecting rents for the Property since the Property was illegitimately transferred.

119. Mosdos has no adequate remedy at law and therefore Plaintiffs are entitled to a full accounting showing the assets and money that Defendants have stolen from the Plaintiffs.

120. The Defendants' conduct was unreasonable as it was not in line with industry

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM INDEX NO. 036069/2019
NYSCEF DOC. NO. 45                                                                RECEIVED NYSCEF: 01/15/2020

norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

121. By reason of the foregoing, Plaintiffs are entitled to a full accounting from the Defendants and the Defendants are liable to Plaintiffs for actual damages in an amount to be determined at trial, which amount is not less than Thirty Million Dollars ($30,000,000.00), plus punitive damages, interest, costs and the expenses of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Constructive Trust Against Rabbi Aryeh Zaks, Henoch Zaks and Shem Olam LLC)

122. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 121 above, inclusive, with the same force and effect as if set forth at length herein.

123. By virtue of his position with Mosdos, Defendant Rabbi Aryeh had a confidential relationship with Mosdos and owed fiduciary duties to Mosdos.

124. Rabbi Aryeh and Henoch promised a representative of TBG Radin LLC that by donating and transferring the Note and Mortgage on the Property to Defendant Shem Olam LLC, Mosdos would take ownership of the Note and Mortgage and own the Property free and clear of any liens.

125. However, this was false and an outright lie.

126. Rabbi Aryeh and Henoch promised a representative of TBG Radin that Shem Olam was an affiliate of Mosdos when in fact Shem Olam is not an affiliate of Mosdos, nor is it in any way related to Mosdos.

127. In reliance on this promise, TBG Radin transferred and assigned the Note and Mortgage to Shem Olam.

128. Shem Olam, Henoch and Rabbi Aryeh have been unjustly enriched as a result of this transfer.

18

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM
NYSCEF DOC. NO. 45

INDEX NO. 036069/2019
RECEIVED NYSCEF: 01/15/2020

129. By reason of the foregoing, Mosdos is entitled to and demands a judgment imposing a constructive trust on the TBG Radin Note in favor of Mosdos.

130. Defendants Rabbi Aryeh Zaks, Henoch Zaks and Shem Olam LLC's conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

131. By reason of the foregoing, Plaintiffs are entitled to a constructive trust over the Property and the assets of the Sterling Mortgage and Defendants Rabbi Aryeh Zaks, Henoch Zaks and Shem Olam LLC are liable to Plaintiffs for actual damages in an amount to be determined at trial, which amount is not less than Thirty Million Dollars ($30,000,000.00), plus punitive damages, interest, costs and the expenses of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Conversion Against Rabbi Aryeh Zaks, Henoch Zaks and Shem Olam LLC)

132. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 131 above, inclusive, with the same force and effect as if set forth at length herein.

133. Rabbi Aryeh and Henoch told a representative of TBG Radin LLC that by donating and transferring the Note and Mortgage on the Property to Defendant Shem Olam LLC, Mosdos would take ownership of the Note and Mortgage and own the Property free and clear of any liens.

134. However, this was false and an outright lie.

135. Rabbi Aryeh and Henoch told a representative of TBG Radin that Shem Olam was an affiliate of Mosdos, when in fact Shem Olam is not an affiliate of Mosdos, nor is it in any way related to Mosdos.

136. The transfer of the Note and Mortgage to Shem Olam was completed only because

19

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM

NYSCEF DOC. NO. 45

INDEX NO. 036069/2019

RECEIVED NYSCEF: 01/15/2020

of the misrepresentations of Rabbi Aryeh and Henoch, made to TBG Radin, that the Note and Mortgage would be deemed to be assigned to Mosdos.

137. By reason of the foregoing, Rabbi Aryeh, Henoch and Shem Olam have converted the assets of Mosdos.

138. Defendants Rabbi Aryeh Zaks, Henoch Zaks and Shem Olam LLC's conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

139. By reason of the foregoing, Defendants Rabbi Aryeh Zaks, Henoch Zaks and Shem Olam LLC are liable to Plaintiffs for actual damages in an amount to be determined at trial, which amount is not less than Thirty Million Dollars ($30,000,000.00), plus punitive damages, interest, costs and the expenses of this action.

**WHEREFORE**, Plaintiffs demand judgment against each of the Defendants as follows:

1. On the First Cause of Action, for Quiet Title Pursuant to RPAPL Article 15, for a declaratory judgment which provides that Defendants have no right, title, claim or interest in the Property whatsoever, at law or at equity, and that Mosdos is the owner of the Property in fee simple absolute, free and clear of any claims which Defendants may have to an ownership interest, a mortgage interest, an interest by virtue of one or more mechanic's liens, a lien interest, or any other interest in the Property;

2. On the Second Cause of Action, for Quiet Title Pursuant to RPAPL Article 15, for a declaratory judgment which provides that Defendants have no right, title, claim or interest in the Property whatsoever, at law or at equity, and that Mosdos is the owner of the Property in fee simple absolute, free and clear of any claims which Defendants may have to an ownership interest, a mortgage interest, an interest by virtue of one or more mechanic's liens, a lien interest,

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM
INDEX NO. 036069/2019
NYSCEF DOC. NO. 45
RECEIVED NYSCEF: 01/15/2020

or any other interest in the Property, and that the Sterling Mortgage should be declared null and void;

3. On the Third Cause of Action, for Fraud, for a money judgment in favor of Plaintiffs and against Defendants Rabbi Aryeh Zaks and Henoch Zaks, in an amount no less than Thirty Million Dollars ($30,000,000.00) in actual damages, plus punitive damages, interest, costs and the expenses of this action;

4. On the Fourth Cause of Action, for Unjust Enrichment, for a money judgment in favor of Plaintiffs and against Defendants Rabbi Aryeh Zaks and Henoch Zaks, in an amount no less than Thirty Million Dollars ($30,000,000.00) in actual damages, plus punitive damages, interest, costs and the expenses of this action;

5. On the Fifth Cause of Action, for Unjust Enrichment, for a money judgment in favor of Plaintiffs and against Defendants Rabbi Aryeh Zaks, Henoch Zaks and Shem Olam LLC, in an amount no less than Thirty Million Dollars ($30,000,000.00) in actual damages, plus punitive damages, interest, costs and the expenses of this action;

6. On the Sixth Cause of Action, for Breach of Fiduciary Duties, for a money judgment in favor of Plaintiffs and against Defendant Rabbi Aryeh Zaks, in an amount no less than Thirty Million Dollars ($30,000,000.00) in actual damages, plus punitive damages, interest, costs and the expenses of this action;

7. On the Seventh Cause of Action, for an Accounting, for a full accounting from the Defendants and a money judgment in favor of Plaintiffs and against Defendants, in an amount no less than Thirty Million Dollars ($30,000,000.00) in actual damages, plus punitive damages, interest, costs and the expenses of this action;

8. On the Eighth Cause of Action, for a Constructive Trust, for a constructive trust over

21

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM

NYSCEF DOC. NO. 45

INDEX NO. 036069/2019

RECEIVED NYSCEF: 01/15/2020

the Property and the assets of the Sterling Mortgage and a money judgment in favor of Plaintiffs

and against Defendants Rabbi Aryeh Zaks, Henoch Zaks and Shem Olam LLC, in an amount no

less than Thirty Million Dollars ($30,000,000.00) in actual damages, plus punitive damages,

interest, costs and the expenses of this action;

9. On the Ninth Cause of Action, for Conversion, for a money judgment in favor of

Plaintiffs and against Defendants, in an amount no less than Thirty Million Dollars

($30,000,000.00) in actual damages, plus punitive damages, interest, costs and the expenses of

this action; and,

10. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 15, 2020

                                        **TWERSKY PLLC**

                        By:    _____
                               Aaron Twersky, Esq.
                               Ilana Neufeld, Esq.
                               747 Third Avenue, 32nd Floor
                               New York, New York 10017
                               (212) 425-0149
                               atwersky@twerskylaw.com
                               ineufeld@twerskylaw.com

                               *Attorneys for Plaintiffs*

To:

Clerk of the Court (via NYSCEF)

Mosdos Chofetz Chaim Inc.
82 Highview Road
Suffern, New York 10901

Chofetz Chaim Inc.
67 Remsen Avenue
Monsey, New York 10952

22

Case 7:20-cv-01038-VB   Document 1   Filed 02/06/20   Page 50 of 51

TBG Radin LLC
c/o CCS Global Solutions, Inc.
530 7th Avenue, Suite 909
New York, New York 10036

Shem Olam LLC
Michael J. Bonneville, Esq. (via NYSCEF)
Kriss & Feuerstein LLP
360 Lexington Avenue, Suite 1200
New York, New York 10017
*Attorneys for Defendant Shem Olam LLC*

Congregation Radin Development Inc.
20 Kiryas Radin Drive
Spring Valley, New York 10977

Aryeh Zaks
18 Mountain Avenue
Monsey, New York 10952

Beatrice Waldman Zaks
18 Mountain Avenue
Monsey, New York 10952

Henoch Zaks
18 Mountain Avenue
Monsey, New York 10952

Mendel Zaks
18 Mountain Avenue
Monsey, New York 10952

Gittel Zaks Layosh
18 Mountain Avenue
Monsey, New York 10952

Samuel Markowitz
1670 49th Street
Brooklyn, New York

Sterling National Bank
400 Rella Boulevard
Montebello, New York 10901

23

FILED: ROCKLAND COUNTY CLERK 01/15/2020 12:21 PM
NYSCEF DOC. NO. 45

INDEX NO. 036069/2019
RECEIVED NYSCEF: 01/15/2020

## VERIFICATION

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF NEW YORK  )

Aaron Twersky, an attorney duly admitted to practice in the courts of the State of New York, affirms the following under the penalties of perjury:

I am a member of the law firm of Twersky PLLC, counsel for Plaintiffs, that I have read the foregoing Verified Amended Complaint and know the contents thereof and that the same is true to my knowledge except as to matters therein stated to be alleged upon information and belief and as to those matters I believe them to be true.

The reason this verification is made by counsel for Plaintiff and not by Plaintiff itself is that Plaintiff is not in the County of New York where Twersky PLLC has its office.

All matters stated herein upon information and belief are based upon said counsel's file, correspondence and conversations with Plaintiff.


                                    AARON TWERSKY

24